## BUDDIE BROWN et al. v. STATE.

No. A-5773.   Opinion Filed April 23, 1927.
(255 Pac. 587.)

E. F. Maley, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

PER CURIAM. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Okmulgee county on a charge of having the unlawful possession of intoxicating liquor, and the defendant Buddie Brown was sentenced to serve 30 days in the county jail and to pay a fine of $50, and the defendant Maude Brown was sentenced to serve 60 days in the county jail and to pay a fine of $150.

The material evidence was procured by certain officers under a search warrant. The search warrant was based upon an affidavit fatally defective in several particulars: First, it is made upon information and belief; second, it alleges it to be the home of defendant Buddie Brown and does not allege that it was a place of public

resort or a place of storage, as required by law; third, it does not particularly describe the place to be searched, but describes it as:

"* * * Three miles southwest of Mounds, used and occupied by ———— as a————, located on the ———— in the city of ————, Okmulgee county. * * *"

The search warrant based upon this affidavit is a nullity and the evidence obtained thereunder inadmissible where timely objection is made.

In addition to this the court permitted evidence of the reputation of the residence to be admitted. This is in violation of the repeated holdings of this court in cases where the charge is unlawful possession. The conviction cannot stand.

The case is reversed and remanded, with instructions to dismiss.